UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LUEGENE WASHINGTON,

      Plaintiff,

v.

MIKE THOMAS, *Saginaw County Prosecutor*,
and KACZMAREK, *Judge*,

      Defendants.
      _____/

CASE NO. 09-CV-11302

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because the complaint fails to state a claim upon which relief can be given.

### II.    REPORT

#### A.    Introduction

On April 7, 2009, Plaintiff Luegene Washington filed this *pro se* civil rights action seeking 10 million dollars in damages from a judge and the county prosecutor in Saginaw, Michigan. Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. 28 U.S.C. § 1915(a)(1). The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 3.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for Report and Recommendation.

**B.     Governing Law**

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When screening a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).  "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts."  *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001).  Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

When a complaint involves multiple parties and multiple claims, each claim should make it clear which defendant or defendants are alleged to have committed which wrong. If it is "impossible to tell from the face of the complaint which defendants were accused of which violations, what specific acts constituted violations, or when alleged violations occurred," such a complaint fails to state a claim upon which relief can be granted. *Monroe v. Owens*, 38 Fed. App'x 510, 515 (10th Cir. 2002) (citing *Mountain View Pharmacy v. Abbott Labs*, 630 F.2d 1383, 1386-87 (10th Cir. 1980)). In addition, when a *pro se* plaintiff "pleads a legal conclusion without surrounding facts to support the conclusion stated in this claim, he fails to state a claim." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

**C.    Discussion**

In this case, the complaint consists of the following paragraph:

> I have been wrongfully violated, malicious prosecution for which there is no merits, my civil, constitutional and human rights have been violated, Saginaw prosecutor (Mike Thomas) 10th Judicial Circuit Court Judge (Robert Kaczmarek) along with (Greg Meter) attorney for Braun Kendrick Finkbeiner Law Firm have worked in cahoots to keep from paying an insurance claim. It has been 7 years they have postponed my trial and refused to give me due process of the law, this lawsuit is an attempt to break up the comradery and racketeering in the Saginaw Court House.

(Compl., Doc. 1 at 1-2 (numerous spelling errors corrected).)

I suggest that this complaint is subject to *sua sponte* dismissal for several reasons. First, Plaintiff's claims of malicious prosecution, human rights violations, due process violations, and racketeering are nothing more than conclusory statements with no surrounding facts, which fail to state a cognizable claim. *See Grinter, supra.* Second, other than the allegation that

3

Defendants conspired to postpone a trial for seven years, Plaintiff has not alleged that any specific defendant committed any specific wrongful act. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.).

Third, I suggest that Plaintiff's complaint is subject to *sua sponte* dismissal because it "seeks monetary relief against [two] . . . defendant[s] who [are each]. . . immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). Defendant Mike Thomas is the prosecuting attorney for Saginaw County, Michigan. "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993). Other than the wholly conclusory allegations already addressed, Plaintiff's complaint does not allege that Defendant Thomas engaged in any specific wrongful acts that were outside of the scope of his duties, and therefore he is entitled to immunity from suit.

Defendant Robert Kaczmarek is a Circuit Court Judge in Saginaw County, Michigan. Judges have absolute immunity from civil rights actions seeking money damages for actions performed in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not

taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Mireles*, 502 U.S. at 11-12. Plaintiff's claim here that Judge Kaczmarek postponed a trial is clearly an act taken in his official capacity and is well within the jurisdiction of his office as judge, and therefore I suggest that he is likewise immune from suit.

For all of these reasons, I recommend that the complaint be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915e(2)(B).

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                    s/ *Charles E. Binder*
                                                  CHARLES E. BINDER
Dated: April 22, 2009                         United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Luegene Washington at 1411 E. Genesee, Saginaw, MI, 48607-1752, and served on District Judge Ludington in the traditional manner.

Date: April 22, 2009        By    *s/Jean L. Broucek*
                                    Case Manager to Magistrate Judge Binder